## Case No. 5,713.

### GRAY v. CHICAGO, I. & N. R. CO.

[Woolw. 63.] [1]

Circuit Court, D. Iowa. May Term, 1864.

PROCEEDINGS TO PUNISH CONTEMPT—BY MOTION TO COMMIT—NOTICE NECESSARY—ORDER GRANTED WITHOUT NOTICE DISCHARGED—INJUNCTIONS IN VACATION, AND WHEN THEY EXPIRE—SOLELY STATUTORY.

1. The proper practice to punish for contempt in violating an injunction, is by motion to commit, upon proper notice to the parties proceeded against.

[Cited in U. S. v. Anon., 21 Fed. 767.]

---

1 [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

1 [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

2. The rule requiring notice is salutary, and will not be relaxed by this court.

[Cited in Industrial & Mining Guaranty Co. v. Electrical Supply Co., 7 C. C. A. 471, 58 Fed. 737.]

3. An order of arrest issued without such notice will be discharged on motion.

4. In courts exercising equitable jurisdiction, injunctions are allowed by the judge in vacation solely under the authority of a statute.

5. An injunction allowed by a district judge, by virtue of the power conferred upon him by the act of February 13, 1807 (2 Stat. 418), expires at the commencement of the term next succeeding its allowance.

[Cited in Fanshawe v. Tracy, Case No. 4,643.]

6. The 55th rule in·equity does not remove the limitation. The terms of the rule, rightly construed, do not remove the limitation. If they did, as the rule would then operate a repeal of the statute, it would be in excess of the authority of the court to establish it.

7. The judges of the supreme court have power to grant injunctions in vacation, which do not expire with the vacation.

This was a bill in chancery, filed to enjoin the defendant [the Chicago, Iowa & Nebraska Railroad Company] from erecting a bridge across the Mississippi river at Clinton, Iowa. The plaintiff, during the summer vacation, procured from the district judge an order allowing the injunction as· prayed for. The writ was accordingly issued, and was duly served upon the officers of the defendants, previous to the October term of the court. At that term, no orders or other proceedings were had in the case. Since that term,·the defendants having proceeded with their enterprise, notwithstanding the command of the writ, the plaintiff, without notice to any other party concerned, presented in the vacation, to the district judge, an affidavit showing a violation of the injunction, and procured from him an order directing the clerk to issue a writ of attachment for the arrest of the persons guilty of the alleged disobedience, with bail for their appearance at the next term, and requiring them to answer for their contempt at that time. The parties arrested now moved to discharge the attachment, on the ground that it was irregularly issued.

Mr. Nourse, for the motion.

Mr. Grant, contra.

MILLER, Circuit Justice. The proper and regular course for proceeding against persons who are alleged to have committed a contempt of the court in disobeying the command of a writ of injunction, is by motion to commit. The party proceeded against must have due and reasonable notice of this motion before it should be granted. An opportunity to be heard must be given before the party can be deprived of his liberty. In these two particulars these proceedings were irregular: First, that no formal hearing of the charge and the answer thereto, upon motion duly made, was had; and secondly, no notice of the application was given to the parties charged.   . . .

The charge of a deliberate and intentional violation of a writ of injunction, duly served, is a very grave one. It is within the power of the court to punish a party found guilty of such an offence with imprisonment; a circumstance which does not diminish the gravity of the charge.

The rule which·requires notice to the party charged, of proceedings which may result in such serious consequences, is salutary. It will not be relaxed by this court. This. rule has been violated here, and the order was unauthorized. The motion is sustained, and the prisoners will be discharged.

The plaintiff, upon an affidavit showing a violation of the injunction by the persons there charged, moved that they be committed.

Mr. Grant, for the motion.

Mr. Nourse and Mr. Witherow, contra.

MILLER, Circuit Justice. Under the course of practice in the English chancery, a writ of injunction could not formerly issue, except upon an order of the court in term. But inasmuch as, to be of any avail, the writ is often required to be issued speedily, and the various courts in the United States exercising chancery jurisdiction are generally in session only a part of the year, at regular terms, and have corresponding vacations, it was found necessary to remedy by legislation the evils thus arising. Accordingly all the states of the Union have statutes providing that the judges, and, in some instances, other officers, may allow the writ in vacation. It is by virtue of these statutes that all writs of injunction which are allowed during vacation are issued.

The act of congress, which is almost coeval with our federal judiciary, authorized the justices of the supreme court, in proper cases, to allow such writs in vacation.

The district judges, although as fully judges of the circuit courts as the justices of the supreme court, had no power to grant writs of injunction out of term, until the act of congress, approved February 13, 1807. 2 Stat. 418. This act, however, imposed two limitations upon their exercise of this power. One was in any case where a party had had a reasonable time to apply to the circuit court for the writ; the other declared that the injunction thus granted should expire at the commencement of the next term of the circuit court succeeding its allowance, unless continued in force by an order of the court.

As no such order was made in the present case, at the last term of this court, it is obvious that no injunction was in existence when these parties are charged to have violated it, unless its continuance can be shown otherwise than by the statute just referred to.

The plaintiff's counsel claims that the 55th equity rule furnishes such authority. That rule, after prescribing some of the circumstances required as pre-requisites to granting in-

junctions, says: "In every case where an injunction, either the common injunction or a special injunction, is awarded in vacation, it shall, unless previously dissolved by the judge granting the same, continue until the next term of the court, or until it is dissolved by some other order of the court."

It is argued that as no order of the court to dissolve such an injunction can be had until the next term after it is granted, the last clause can have no meaning unless it be, that the injunction must remain until dissolved either by order of the court or by the judge who granted it. And the author of the treatise referred to (Conk. Pr. 218) proposes to read "and" for "or" in support of this view.

This, however, only transfers the difficulty to the other member of the sentence, and renders the words "until the next term of this court" useless; for, if the injunction is to continue, at all events until dissolved by order of the court, there is manifestly no sense in saying that it shall continue until the court sits.

There is a still more serious objection to this construction of the rule, namely, that it would amount to a repeal of the statute. Were it necessary to decide the point, we should feel bound to hold that, notwithstanding the liberal provisions of the act of 1842 [5 Stat. 516], under which these rules were framed by the supreme court, that court derived from them no authority to make any rule which would conflict with an act of congress. Ward v. Chamberlain, 2 Black [67 U. S.] 430.

But the necessity of deciding this point does not arise here. By a reference to the two acts of congress already cited, conferring on the judges of the supreme court, and on the district courts respectively, the power to grant injunctions, the sentence may be relieved of its apparent incongruity.

The justices of the supreme court have power to grant injunctions which do not expire by the commencement of the next succeeding term. To injunctions thus granted, the latter part of the rule applies, namely, that they continue until dissolved by some other order of the court.

To injunctions granted by the judges of the district courts, the other alternative of the disjunctive sentence applies, merely reiterating the provision of the statute, that they continue only until the next term of the court, unless otherwise ordered by the court. Thus, when we suppose the framer of the rule to have had the statutory provisions in his mind (and no other supposition can be indulged), and that the rule was made in view of it, instead of to repeal it, the sentence becomes intelligible and harmonious in its own members and with the acts of congress.

We are therefore of opinion, that there was no injunction in existence at the time the acts which are alleged to have violated it were performed. The motion to commit must be overruled. Motion overruled.

NOTE. As to the extent of the power of the supreme court to prescribe rules, and their force

in connection with provisions in the statutes, see Burr v. Haughton, 9 Pet. [34 U. S.] 360, commented on and distinguished in Ward v. Chamberlain, cited in the text; The St. Lawrence, 1 Black [66 U. S.] 522; Scott v. The Young America [Case No. 12,550]; Keary v. Farmers', etc., Bank, 16 Pet. [41 U. S.] 89; Massingell v. Downs, 7 How. [48 U. S.] 760. And as to the control of the circuit court over its own practice—(1) When a rule has been prescribed by the supreme court, see Bank of U. S. v. White, 8 Pet. [33 U. S.] 262. (2) When such rule would work an injustice. Poultney v. City of Lafayette, 12 Pet. [37 U. S.] 472. (3) When supreme court has prescribed no rule, Burr v. Haughton, 9 Pet. [34 U. S.] 329; Philadelphia & T. R. Co. v. Stimpson, 14 Pet. [39 U. S.] 448; Fulerton v. Bank of U. S., 1 Pet. [26 U. S.] 604, 612.

[In the same suit a motion was made to dismiss the bill for want of jurisdiction. A decree was entered accordingly, but not for the reason alleged in the motion. Case No. 2,900. Since the erection and completion of the bridge, congress had passed an act declaring it a lawful structure. It was decided, upon an appeal by the complainants to the supreme court, in an opinion by Mr. Justice Nelson—10 Wall. (77 U. S.) 454—that the suit in equity, although pleas and replication had been filed and proofs taken, was abated by such act, which was constitutional.]